UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x

RAYNARD CARAWAY,

                   Petitioner,

     -against-

JAMES J. WALSH, Superintendent of
Sullivan Correctional Facility,

                   Respondent.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
09-CV-2708 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

On June 19, 2009, petitioner Raynard Caraway ("Caraway" or "Petitioner") filed the instant petition pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a 1993 Kings County conviction. Petitioner's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is granted. (See Petition (Docket Entry #1).) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has conducted an initial consideration of this Petition and, for the reasons set forth below, determined that the Petition appears to be time-barred by the one year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act"). Therefore, Petitioner is directed to submit an affidavit, within sixty (60) days of the entry of this Memorandum & Order, why the Petition should not be dismissed as time-barred.

I. **DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or the "Act") signed into law on April 24, 1996, provides in relevant part that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d); see Lindh v. Murphy, 521 U.S. 320, 327 (1997) (interpreting § 2244 to

apply "to the general run of habeas cases . . . when those cases had been filed after the date of the

Act."); Ross v. Artuz, 150 F.3d 97, 103 (2d Cir. 1998) (recognizing that a prisoner whose

conviction became final prior to the effective date of AEDPA is afforded one year after the

effective date of the Act in which to file a first habeas petition under § 2254).

## II.   BACKGROUND

Petitioner's instant application for habeas corpus relief pursuant to 28 U.S.C. § 2254 may

be time-barred under the Act. Petitioner alleges that he was convicted on or about February 2,

1993. (Petition 2, ¶ 2.) The Appellate Division, Second Department, affirmed the conviction on

May 8, 1995. See People v. Caraway, 215 A.D.2d 493 (N.Y. App. Div. 2d Dep't 1995). On

August 17, 1995, the New York State Court of Appeals denied Petitioner leave to appeal. See

2

People v. Caraway, 86 N.Y.2d 791 (N.Y. 1995). Where no petition for certiorari from the United States Supreme Court is sought, a petitioner's judgment of conviction becomes final 90 days from the date the New York State Court of Appeals denies leave to appeal. See McKinney v. Artuz, 326 F.3d 87, 96 (2d Cir. 2003). Therefore, Caraway's conviction became final on or about November 16, 1995. Since Caraway's judgment of conviction became final prior to the enactment of AEDPA, he had one year from the effective date of the Act or until April 24, 1997, in which to file his Section 2254 petition in federal court. See Carey v. Saffold, 536 U.S. 214, 217-18 (2002). Petitioner did not filed the instant habeas corpus Petition until June 19, 2009, twelve years after the grace period expired.

## III.   STATUTORY TOLLING

In calculating a one-year statute of limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment of claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). However, filing a post-conviction motion does not start the one-year statute of limitations period to run anew. Rather, the tolling provision under § 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation from the calculation of the one-year statute of limitations. Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam).

Petitioner alleges that he filed several post-conviction motions. Petitioner alleges that he filed a motion pursuant to N.Y. Crim. Proc. Law 440.10 ("440 motion"), on July 31, 1996, which was denied on November 15, 1996. (Petition 4, ¶ 11(a).) On April 10, 1997, Petitioner was denied a certificate granting leave to appeal. (Id. at 4-5 ¶ 11(b).) The first 440 Motion was filed three months after the effective date of the Act, and therefore the one-year statute of limitations

3

was tolled while that motion was pending. The remaining nine months on Plaintiff's limitiations period began to run upon disposition of that motion, on April 10, 1997, and would have ended by January 1998. Petitioner's remaining motions appear to have been filed outside the limitations period. First, Petitioner alleges that he filed a motion to disclose on February 13, 1998 which was denied on April 6, 1998. (Id. at 4-5, ¶ 11(c).) Second, Petitioner alleges that he filed a writ of error coram nobis on January 10, 2000, which was denied on April 17, 2000. (Id. at 5(a).)[1] Petitioner sought re-argument on May 22, 2000, which was denied on September 8, 2000. (Id.) Third, Petitioner alleges that he filed a second 440 motion on March 20, 2001, which was denied on June 1, 2001. (Id.) Petitioner appealed the denial of the 440 motion on June 29, 2001, and that motion was denied on November 14, 2001. (Id. at 5(b).) Petitioner filed a third 440 motion on December 5, 2007, which was denied on April 7, 2008. (Id.) Petitioner appealed the denial of the third 440 motion on April 25, 2008, and that motion was denied on September 19, 2008. (Id.) Although the record is unclear, it appears that Petitioner filed an appeal to the New York Court of Appeals on October 28, 2008, which was dismissed on January 20, 2009. (Id. at 5(c).) Petitioner then filed this Section 2254 petition twelve years after the one-year grace period expired. Although Petitioner filed multiple post-convictions motions, those motions fail to provide a basis for statutory tolling under 28 U.S.C. § 2244(d)(2), as only the first motion was filed in time to toll the limitations period, and the period expired by January 1998. The remaining motions were filed after the grace period had expired.

---

[1] Petitioner has inserted pages into the Court's form § 2254 petition. For ease of reference this court paginates those supplemental pages as 5(a), 5(b), 5(c).

## IV.  EQUITABLE TOLLING

The Second Circuit has held that equitable tolling should be applied to habeas petitions only in "rare and exceptional circumstances." Walker v. Jastremski, 430 F.3d 560, 564 (2d Cir. 2005) (internal quotations omitted).  To qualify for equitable tolling, a petitioner "must establish that 'extraordinary circumstances prevented him from filing his petition on time,' and that he 'acted with reasonable diligence throughout the period he seeks to toll.'" Doe v. Menefee, 391 F.3d 147, 159 (2d Cir. 2004) (quoting Smith, 208 F.3d at 17).  Equitable tolling "requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000); see also Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001) (even with extraordinary circumstances early in the statutory period, petitioner must show he diligently pursued the application in the time remaining).  Here, Petitioner has not set forth any basis for equitable tolling to apply.

## V.  CONCLUSION

Petitioner is hereby directed to show cause by affidavit, within sixty days from the date of this order, why the statute of limitations should not bar the Petition.[2] Day v. McDonough, 547 U.S. 198, 210 (2006) (citing Acosta v. Artuz, 221 F.3d 117, 124-125 (2d Cir. 2000)) (before acting on its own initiative to dismiss petition as untimely, court must accord the parties fair notice and an opportunity to present their positions).  Petitioner's affidavit should present any facts which would support equitable tolling of the statute of limitations.

No response shall be required at this time and all further proceedings shall be stayed for

---

[2] An affidavit form is attached to this order for Petitioner's convenience.

60 days for Petitioner to comply with this Memorandum & Order. If Petitioner fails to comply with this Memorandum & Order within the time allowed, the Petition shall be dismissed as time-barred. 28 U.S.C. § 2244(d).

SO ORDERED.

/S/

NICHOLAS G. GARAUFIS
United States District Judge

Dated: Brooklyn, New York
     July 10, 2009

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

RAYNARD CARAWAY,

                 Petitioner,

        -against-

JAMES J. WALSH, Superintendent of
Sullivan Correctional Facility,

              Respondent.
-------------------------------------------------------x

**PETITIONER'S AFFIDAVIT**
09-CV-2708 (NGG)

STATE OF _____   }
COUNTY OF _____   } SS:

        Raynard Caraway, makes the following affirmation under the penalties of perjury:

        I am the Petitioner in this action and I respectfully submit this affidavit in response to the

court's order dated _____. The instant Petition should not be time-barred by the one-year

statute of limitations because:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

In view of the foregoing, it is respectfully submitted that the instant Petition should be permitted to proceed.

_____
Signature

Sworn to before me
this ___ day of _____, 2009.


_____
Notary Public