UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

RAYNARD CARAWAY,

                          Petitioner,

    -against-

JAMES J. WALSH, Superintendent of
Sullivan Correctional Facility,

                         Respondent.
-----------------------------------------------------------x

**MEMORANDUM & ORDER**

**09-CV-2708 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge:

On June 19, 2009, Petitioner filed the instant Petition pro se for a writ of habeas corpus under 28 U.S.C. § 2254, challenging a 1993 Kings County conviction. (Petition (Docket Entry #1).) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court conducted an initial review of this Petition and determined that the Petition is likely time-barred by the one year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Accordingly, by order dated July 20, 2009, the court directed Petitioner to show cause by written affirmation within sixty days why his Petition should not be dismissed as time-barred, pursuant to 28 U.S.C. § 2244(d). Petitioner's Affirmation, received on September 17, 2009, fails to demonstrate that his Petition is timely. (Docket Entry #4.) Moreover, Petitioner is not entitled to equitable or statutory tolling of the limitations period. Accordingly, the Petition is dismissed as time-barred.

**I.    TIMELINESS OF THE PETITION**

Petitioner was convicted on February 2, 1993. (Petition at 2, ¶ 2.) The Appellate

Division, Second Department, affirmed the conviction on May 8, 1995. People v. Caraway, 627 N.Y.S.2d 565 (2d Dept. 1995). On August 17, 1995, the New York State Court of Appeals denied Petitioner leave to appeal. See People v. Caraway, 86 N.Y.2d 791 (1995). Subsequently, on July 31, 1996, Petitioner filed a motion in New York State Supreme Court, Kings County, to vacate the judgment of conviction pursuant to Criminal Procedure Law § 440.10. The motion was denied on November 15, 1996, and on April 10, 1997, the Appellate Division denied leave to appeal that decision. People v. Caraway, Ind. No. 214/92 (Kings County Sup. Ct. Nov. 15, 1996). From December 1999 through May 2009, Petitioner brought a number of other state post-conviction and collateral challenges. (See Response 4-8 (Docket Entry #6).) Finally, on June 19, 2009, he filed this Petition in federal court.

A petitioner's judgment of conviction becomes final 90 days from the date the New York State Court of Appeals denies leave to appeal. See Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2001). Therefore, Petitioner's conviction became final on November 16, 1995. Since Petitioner's judgment of conviction became final prior to AEDPA, Petitioner had one year from the effective date of the Act or until April 24, 1997, in which to file his Petition in federal court. Carey v. Saffold, 536 U.S. 214, 217-18 (2002). However, Petitioner's 440.10 motion in 1996 tolled the statute of limitations during its pendency. "AEDPA's one year statute of limitations is tolled from the date a petitioner files his or her 440.10 motion until the date the Appellate Division denies the petitioner leave to appeal that decision." Wilkins v. Kirkpatrick, 06-CV-2151, 2009 WL 3644082, at *7 (S.D.N.Y. Nov. 4, 2009); see also Hizbullahankhamon v. Walker, 255 F.3d 65 (2d Cir. 2001). Therefore, Petitioner's motion tolled the limitations period for 254 days, from July 31, 1996 to April 10, 1997. As a result, Petioner's time to file his federal

habeas petition expired on January 3, 1998,[1] 254 days after April 24, 1997.[2] Petitioner did not file this Petition until June 19, 2009, more than eleven years after the limitations period had expired.

## II. EQUITABLE TOLLING

A court may equitably toll the AEDPA limitations period when the petitioner shows that "extraordinary circumstances prevented him from filing his petition on time." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (citation omitted); see also Belot v. Burge, 490 F.3d 201, 205 (2d Cir. 2007). "[T]he party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Smith, 208 F.3d at 17. Furthermore, a petitioner must show a causal relationship between the extraordinary circumstances and the lateness of his filing. Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000); see also Hizbullahankhamon, 255 F.3d at 75 (noting that even when extraordinary circumstances exist early in the statutory period, petitioner must show he diligently pursued the application in the time remaining). Given the eleven years which Petitioner seeks to toll, he bears a heavy burden to show that the circumstances were extraordinary and that he acted with reasonable diligence throughout this period.

Rather than presenting extraordinary circumstances, Petitioner argues that his actual innocence should equitably toll the statute of limitations. District courts faced with untimely

---

[1] Because January 3, 1998 was a Saturday, a petition filed on the following business day would still be considered timely. See Fed. R. Civ. P. 6.

[2] Defendant's subsequent state court applications for post-conviction relief did not toll the limitations period because they were made after it had already expired. See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (noting that an application for collateral relief in state court does not reset the limitations period).

3

petitions asserting actual innocence must determine whether the petitioner has presented a credible claim of actual innocence before ruling on the legal issues of whether such a showing provides a basis for equitable tolling and whether the petitioner must also demonstrate that he or she pursued his or her claim with reasonable diligence. Doe v. Menefee, 391 F.3d 147, 161 (2d Cir. 2004). To demonstrate actual innocence, "a petitioner must present new reliable evidence that was not presented at trial and show that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." Lucidore v. N.Y. State Div. of Parole, 209 F.3d 107, 114 (2d Cir. 2000).

Beyond his own conclusory statement, Petitioner offers no new evidence to support an actual innocence claim. Although Petitioner's Affirmation purports to be making an actual innocence claim, the real thrust of his argument appears to be that his appellate counsel was ineffective for failing to raise several purportedly meritorious claims. (See generally Petitioner's Affirmation.) In support of his argument, Petitioner attaches a copy of his appellate brief, and a letter to his former appellate counsel, dated December 27, 1994, in which he expresses concerns over the issues that were raised in the appellate brief. (See id., Ex. A.) Whether or not Petitioner is right about his counsel's performance, these issues have no relevance to his actual innocence claim.

The court finds that Petitioner has failed to present a credible claim of actual innocence. See Doe, 391 F.3d at 161. He presents no new or reliable evidence making it more likely than not that no reasonable juror presented with that evidence would have convicted the petitioner. See Schlup v. Delo, 513 U.S. 298, 327 (1995). Moreover, Petitioner fails to demonstrate that he has diligently pursued his federal claims in the intervening eleven years, and his affirmation

4

offers no explanation – much less extraordinary circumstances – justifying the lengthy delay in initiating this Petition. Smith, 208 F.3d at 17. Thus, Petitioner is not entitled to equitable tolling of the statute of limitations to excuse the tardiness of his Petition.

## III. CONCLUSION

Petitioner's Affirmation fails to present any facts which could support an argument for statutory or equitable tolling. Therefore, the instant Petition is dismissed as time-barred. A certificate of appealability will not issue because petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Lozada v. United States, 107 F.3d 1011 (2d Cir.1997).

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-445 (1962).

SO ORDERED.

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

Dated: Brooklyn, New York
February 5, 2010